1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JUSTIN LAMAKO,

11            Plaintiff,                    No. CIV S-05-2254 LKK DAD P

12        vs.

13    I.D. CLAY, et al.,

14            Defendants.            FINDINGS AND RECOMMENDATIONS

15    _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  Plaintiff

17    seeks relief pursuant to 42 U.S.C. § 1983.  By order filed December 13, 2006, plaintiff's

18    complaint was dismissed with leave to amend.  Plaintiff has filed an amended complaint.

19            The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

24    U.S.C. § 1915A(b)(1) & (2).

25            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

7   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

9   Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

10  355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

11  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

12  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

13  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

14  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

15  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

16  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

17  (1969).

18          The Civil Rights Act under which this action was filed provides as follows:

19          Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
20           deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
21           law, suit in equity, or other proper proceeding for redress.

22  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

23  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

24  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

25  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

26  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

1  omits to perform an act which he is legally required to do that causes the deprivation of which

2  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3  Moreover, supervisory personnel are generally not liable under § 1983 for the

4  actions of their employees under a theory of respondeat superior and, therefore, when a named

5  defendant holds a supervisorial position, the causal link between him and the claimed

6  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

7  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

8  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

9  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

10  Cir. 1982).

11  In his amended complaint, plaintiff alleges five grounds for relief.  Plaintiff

12  alleges that prison officials have:  refused to issue him "wet weather gear," such as a rain coat;

13  refused to provide him with free dental floss; denied him access to a shower for two weeks while

14  he was housed in administrative segregation; refused to provide him with his weekly indigent

15  envelopes for mail for several weeks; and refused to write a report regarding an incident during

16  which he was injured in the shower.  (Compl. at 10-20.)

17  The court finds that plaintiff's amended complaint fails to state a cognizable

18  claim.  It is well established that the "unnecessary and wanton infliction of pain" constitutes cruel

19  and unusual punishment prohibited by the United States Constitution.  Whitley v. Albers, 475

20  U.S. 312, 319 (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v.

21  Gamble, 429 U.S. 97, 105-06 (1976).  However, neither accident nor negligence constitutes cruel

22  and unusual punishment, because "[i]t is obduracy and wantonness, not inadvertence or error in

23  good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments

24  Clause."  Whitley, 475 U.S. at 319.  What is needed to show unnecessary and wanton infliction

25  of pain "varies according to the nature of the alleged constitutional violation."  Hudson v.

26  McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320).  Plaintiff must allege facts

3

1  showing that objectively he suffered a sufficiently serious deprivation and that subjectively each

2  defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur.

3  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

4        Here, plaintiff complains about inconvenient and unpleasant conditions of

5  confinement.  However, it is well established that the routine discomfort inherent in the prison

6  setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry.  Only those

7  deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave

8  to form the basis of an Eighth Amendment violation."  Rhodes v. Chapman, 452 U.S. 337, 347

9  (1981).  Even assuming plaintiff's allegations to be true, plaintiff's alleged deprivations do not

10  inflict pain or punishment of a constitutional magnitude.  Accordingly, the court concludes that

11  plaintiff's complaint fails to state a cognizable claim.

12        Given the defects in the allegations of plaintiff's amended complaint and the

13  court's previous order providing direction to plaintiff while dismissing with leave to amend, it is

14  now clear that granting further leave to amend would be futile.  See Reddy v. Litton Indus., Inc.,

15  912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729,

16  738 (9th Cir. 1987).  The undersigned will therefore recommend that plaintiffs' claims be

17  dismissed with prejudice.

18        Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed

19  due to plaintiff's failure to state a cognizable claim.  See 28 U.S.C. § 1915A.

20        These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

22  days after being served with these findings and recommendations, plaintiff may file written

23  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

24  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

25  /////

26  /////

4

1    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2    F.2d 1153 (9th Cir. 1991).

3    DATED: October 10, 2008.

4

5                                                    Dale A. Drozd
                                          _____

6                                          DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE

7    DAD:9
     lama2254.56

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26